ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
PRISCILLA L. O'BRIANT
Nevada Bar No. 010171
Priscilla.O'Briant@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant Garrison Property and Casualty Insurance Company*



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE C. GOODRICH, individually,<br><br>Plaintiff,<br><br>vs.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY dba USAA, a foreign entity; DOES I-X; and ROE CORPORATIONS XI-XX, inclusive,<br><br>Defendants. | CASE NO. CASE NO. 3:18-cv-562<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

This Stipulation and Protective Order ("Protective Order") shall govern the use and treatment of information, documents, testimony or other tangible things produced in this action by Defendant Garrison Property And Casualty Insurance Company ("Garrison"):

1. "Confidential Information," as used herein, means any information, in whatever form produced in connection with formal or informal discovery in this litigation that Garrison in good faith believes contains, reflects or concerns its trade secrets, confidential business or commercial information or other sensitive or proprietary information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage or disadvantage. Confidential Information includes, but is not limited to, proprietary business information, business plans, pricing, information relating to personnel

4817-2155-7897.1

matters, and financial and other sensitive information that is not publicly available (or not publicly available in the form maintained by the party), Confidential Information may not be used or disseminated except as provided in this Protective Order. Confidential Information includes testimony that may reveal confidential, proprietary, or commercially sensitive information as well as all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

2. Garrison may designate any information, document, testimony or other tangible thing that it furnishes in connection with this litigation as Confidential Information, and therefore subject to the provisions of this Protective Order, in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "Confidential" to each item or document page. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof; or exhibit is confidential; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

3. Materials designated as Confidential may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

(a) the parties in this lawsuit, or their employees involved in the management of this litigation;

(b) counsel of record who represent the parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;

(c) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial;

///

(d) independent expert witnesses or consultants, including trial or jury consultants, retained by the parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);

(e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

(f) any mediator or arbitrator selected with the consent of all parties or by the Court.

4. Confidential Information shall not be disclosed to any of the persons referred to in paragraph 3(c) and (d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Confidentiality Agreement attached hereto as Exhibit A. All parties shall retain any such agreements and make them available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

5. Garrison may elect that certain Confidential Information not be divulged to the persons referred to in paragraphs 3(a) or 3(c) above if it in good faith believes that its disclosure could cause commercial harm or be put to any improper use or could otherwise cause irreparable harm. Such information shall be clearly marked "Highly Confidential-Attorneys & Experts Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 3(b), 3(d), 3(e) and 3(f) herein in accordance with the terms and conditions of this Protective Order. If a party objects to materials designated "Highly Confidential-Attorneys & Experts Only," that party may follow the procedure set forth in paragraph 9 herein to remove such designation.

6. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall provide Garrison notice at least ten (10) business days prior to such filing, to allow that party to file a motion to file under seal in conformance with Local Rule IA 10-5 and make the required showing mandated by *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

7. Subject to rules of evidence, an Order granting a Motion in Limine, or an Order granting a Motion to Exclude, Confidential Information may be offered in evidence at trial or any court hearing. The parties are not waiving their right to object to any attempt to offer such Confidential Information into evidence at time of trial or at any court hearing.

8. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

9. With respect to any Confidential Information covered by this Protective Order, the parties may at any time serve upon counsel for Garrison a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Only." Garrison, within ten (10) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the parties in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. Garrison shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential-Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection.

10. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

11. In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential-Attorneys & Experts Only" within the time periods established in this Protective Order, Garrison shall properly

designate such documents or information as "Confidential" or "Highly Confidential-Attorneys & Experts Only," and the parties shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential-Attorneys & Experts Only" shall not be deemed a waiver, in whole or in part, of Garrison's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

12. Upon final settlement or termination of this action, unless otherwise ordered by the Court, the parties shall within thirty (30) days return to Garrison or destroy all materials marked "Confidential" and "Highly Confidential-Attorneys & Experts Only" (and any copies thereof).. The Discovering Party shall return or destroy all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by data processing equipment and (b) work product memoranda embodying Confidential Material, subject to State Bar rules. The Discovering Party will confirm in writing to Garrison its compliance with this Section.

13. If any party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, it shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for Garrison, identifying the Confidential Information sought and enclosing a copy of the subpoena.

14. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order. Any party, including attorneys of record and outside consultants and experts retained in this action, who violates this Order, including but not limited to unauthorized disclosure of confidential information or documents, is subject to sanctions, including but not

limited to, dismissal of claims or defenses, civil contempt, damages, assessment of reasonable expenses, including attorneys' fees incurred by the person whose confidential information was disclosed in violation of this Order, and/or any other sanction deemed appropriate by the Court. Disclosure of confidential material in violation of this order will entitle Garrison to recover all damages proximately flowing from the violation. The parties expressly agree that the prevailing party in any proceeding to enforce this order shall be entitled to recover attorney's fees.

15. This Protective Order will be governed and construed in accordance with the laws of the State of Nevada.

16. Should any provision of this Stipulation be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

17. This Protective Order contains the entire agreement between the parties concerning the subject matter hereof, and no modifications of this Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the parties.

18. The parties enter this protective order to facilitate discovery and the exchange of information while providing Garrison reasonable assurance that

   a) The documents produced by Garrison will be used in this litigation and this litigation only;

   b) The documents produced by Garrison will not be used for commercial purposes;

   c) The documents produced by Garrison will not be used for non-litigation purposes.

19. Garrison is relying on this Agreement and Order, and would not otherwise have produced the documents and information without a Court order.

20. Garrison's production under this Agreement and Order does not admit or concede the documents or information are relevant or admissible in this litigation. This Agreement and Order survives the end of the above styled litigation. Compliance with this Agreement and Order will be a material term to any settlement agreement reached in this case.

///

20. The parties agree good cause exists for this Agreement and for the Court to enter this Order.

DATED this 5 day of March, 2019

Attorneys for Plaintiff

_____
Adam D. Smith, Esq.
Nevada Bar No. 9690
Craig A. Henderson, Esq.
Nevada Bar No. 10077
**Adam Smith Law**
2340 Paseo Del Prado, Suite D203
Las Vegas, NV 89102

DATED this 6 day of March, 2019

Attorneys for Defendant

_____
ROBERT W. FREEMAN, Esq.
Nevada Bar No. 3062
Priscilla L. O'Briant, Esq.
Nevada Bar No. 10171
**Lewis Brisbois Bisgaard & Smith, LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

## ORDER

**IT IS SO ORDERED:**

Dated this 7th day of March, 2019.

_____
United States Magistrate Judge

## LIST OF EXHIBIT(S)

| | |
|---|---|
| Exhibit "A" | Acknowledgment of Receipt and Agreement to Comply With Stipulated Confidentiality Agreement And Protective Order |

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER in the lawsuit captioned Goodrich v. Garrison Prop. & Cas. Ins. Co., et. al., United States District Court Case No. 3:18-cv-562. The undersigned agrees to be bound by the terms of the referenced Stipulated Confidentiality Agreement and Protective Order in the same manner as the parties herein and their attorneys.

DATED this ____ day of _____, 2019.

By: _____
    Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City     State     Zip

_____
Occupation of Business