ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
PRISCILLA L. O'BRIANT
Nevada Bar No. 010171
Priscilla.O'Briant@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant Garrison Property and Casualty Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE C. GOODRICH, individually,<br><br>Plaintiff,<br><br>vs.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY dba USAA, a foreign entity; DOES I-X; and ROE CORPORATIONS XI-XX, inclusive,<br><br>Defendants. | CASE NO. 3:18-cv-562-MMD-CBC<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY DEADLINES PENDING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S RULING (Third Request)** |

Plaintiff Wayne C. Goodrich and Defendant Garrison Property and Casualty Insurance Company, by and through their undersigned counsel of record, do hereby stipulate to stay discovery as explained below.

**A.  Statement specifying the discovery completed.**

1. On December 17, 2018, the parties submitted a joint proposed discovery plan and scheduling order, and the Court adopted the discovery plan on December 19, 2018.

2. On December 28, 2019, Plaintiff served his Rule 26 initial disclosure of witness, documents, and damages.

3. On January 3, 2019, Defendant served its initial disclosure of witnesses, documents, and damages.

4839-6757-2398.1

4. On January 4, 2019, Plaintiff served Defendant with interrogatories, requests for production, and requests for admission.

5. On February 27, 2019, Defendant served Plaintiff with responses to Plaintiff's written discovery.

6. On March 5, 2019, Defendant served Plaintiff with interrogatories and requests for production.

7. On March 7, 2019, Defendant served notices of subpoenas duces tecum on five entities identified in Plaintiff's initial disclosure of witnesses and documents.

8. On March 7, 2019, Defendant served Plaintiff with supplemental responses to Plaintiff's interrogatories.

9. On March 14, 2019, Plaintiff served a first supplement to his Rule 26 disclosures.

10. On March 25, 2019, Defendant's expert performed in inspection of the premises.

11. On April 3, 2019, Plaintiff served a second supplement to his Rule 26 disclosures.

12. On April 3, 2019, Plaintiff served a notice of subpoena duces tecum to Crawford and Company.

13. On April 24, 2019, Plaintiff served Defendant with responses to Defendant's written discovery.

14. On April 26, 2019, Plaintiff served a fourth supplement to his Rule 26 disclosures.

15. On April 30, 2019, Defendant served a first supplement to its Rule 26 disclosures.

16. On May 1, 2019, Defendant served notice of subpoenas duces tecum on two entities.

17. On May 9, 2019, Plaintiff served notices of deposition for two Garrison employees and a 30(b)(6) representative of Garrison.

18. On June 28, 2019, the parties filed the Joint Interim Status Report.

19. On July 1, 2019, Defendant served its Initial Expert Disclosure.

20. On July 1, 2019, Plaintiff served his Initial Expert Disclosure.

21. On July 12, 2019, Defendant served Plaintiff with a second set of interrogatories and requests for production.

22. On July 30, 2019, Defendant served its Rebuttal Expert Disclosure.

23. On July 31, 2019, Plaintiff served 1st Amended Notice for two Garrison employees and a 30(b)(6) representative of Garrison.

24. On July 31, 2019, Plaintiff served his First Supplemental Designation of Expert Witness.

25. On August 12, 2019, Plaintiff served a fifth supplement to his Rule 26 disclosures.

26. On August 12, 2019, Plaintiff served Defendant with responses to Defendant's second set of written discovery.

27. On August 14, 2019, Defendant served Notice for the Deposition of Plaintiff.

27. On August 16, 2019, Defendant filed a Motion for Protective Order to limit the scope of the 30(b)(6) deposition.

28. On August 29, 2019, Plaintiff filed a response to Defendant's Motion for Protective Order.

29. On September 5, 2019, Defendant filed a reply in support of its Motion for Protective Order.

30. On October 24, 2019, Magistrate Judge Baldwin held a hearing on Defendant's Motion for Protective Order.

31. On October 29, 2019, the court entered an order denying in part and granting in part Defendant's Motion for Protective Order.

32. On November 12, 2019, Defendant filed an objection to Magistrate Judge Baldwin's order regarding Defendant's Motion for Protective Order.

**B.  A specific description of the discovery that remains to be completed.**

1. Plaintiff's depositions of Defendant's Fed. R. Civ. P. 30(b)(6) corporate representative, and Defendant's two claims handlers who adjusted Plaintiff's claim.

2. Plaintiff's deposition of Defendant's pre-litigation property inspector.

3. Defendant's deposition of Plaintiff.

4. The parties may depose expert witnesses.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-6757-2398.1

3

### C. Reasons the remaining discovery was not completed within the time limits set by the discovery plan.

#### 1. Brief background of the litigation.

As outlined above, the parties have cooperated in discovery and timely moved it forward. The current request is the result of a good faith dispute regarding the appropriate scope of the 30(b)(6) deponent. Plaintiff requested the depositions of Defendant's Fed. R. Civ. P. 30(b)(6) corporate representative, and Defendant's two employees who were responsible for handling Plaintiff's claim. Defendant agreed to produce the two employees responsible for handling the claim, but objected to the scope of the topics for the Fed. R. Civ. P. 30(b)(6) deponent. The parties had a telephonic meet and confer regarding the scope of the topics for Defendant's 30(b)(6) deposition, and Plaintiff served an amended Fed. R. Civ. P. 30(b)(6) notice for Defendant on May 23, 2019. On June 19, 2019, Defendant sent correspondence to Plaintiff raising objections to Plaintiff's amended Fed. R. Civ. P. 30(b)(6) deposition notice for Plaintiff. Plaintiff responded to Defendant's letter on July 9, 2019. After that, Plaintiff and Defendant's counsel then spoke on the telephone on July 23, 2019, and Defendant requested Plaintiff withdraw the majority of Plaintiff's Fed. R.Civ. P. 30(b)(6) deposition topics. Plaintiff declined Defendant's request and re-served the amended Fed. R. Civ. P. 30(b)(6) for Defendant's deposition and deposition notices for Defendant's two claims handlers, Kirby Porter and Jacob Bristow.

#### 2. Defendant filed a motion for protective order regarding Defendant's deposition pursuant to Fed. R. Civ. P. 30(b)(6).

On August 16, 2019, Defendant filed a motion for protective order seeking to limit the scope of Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition of Defendant. Because Defendant's motion would not be heard before the discovery cutoff at that time, the parties submitted a stipulation and order to continue the discovery cutoff (second request) to November 27, 2019. Plaintiff filed a response to Defendant's motion on August 29, 2019, and Defendant filed a reply on September 5, 2019. Magistrate Judge Baldwin heard Defendant's motion on October 24, 2019. On October 29, 2019, the court issued an order granting in part and denying in part Defendant's motion for

///

protective order. On November 12, 2019, Defendant filed an objection to Magistrate Judge Baldwin's ruling.

### 3. The parties seek to stay discovery pending a decision on Defendant's objection.

After Magistrate Judge Baldwin ruled on Defendant's motion for protective order, Plaintiff, again, sought Defendant and counsel's availability for Defendant's deposition as the filing of an objection to a Magistrate Judge's ruling does not automatically stay discovery. Defendant initially disputed Plaintiff's position, but counsel conferred on the telephone on November 18, 2019, and agreed that Defendant must file a motion to stay discovery while Defendant's objection is pending.

In good faith and in an attempt to avoid additional motion practice regarding discovery, the parties hereby stipulate and agree to stay discovery pending the court's ruling on Defendant's November 12, 2019, objection to the Court's October 29, 2019, order on Defendant's Motion for Protective Order. The parties further stipulate and agree that the parties shall have 90 days from the date the court issues a ruling on Defendant's objection to the court's October 29, 2019, order regarding Defendant's Motion for Protective Order, to complete all remaining depositions, as follows:

The parties agree that within 14 days of the court issuing a ruling on Defendant's objection, Defendant will provide dates for the deposition of Defendant's Rule 30(b)(6) representative (subject to the Court's ruling on Defendant's objection), and for the depositions of Defendant's two claims handlers, Jacob Bristow and Kirby Porter, all to take place within a reasonable time of the court's ruling on Defendant's objection and at a mutually agreeable location. The parties further agree that Plaintiff will be permitted to depose Defendant pursuant to Fed. R. Civ. P. 30(b)(6) before deposing Mr. Bristow and Mr. Porter

The parties further stipulate and agree that Plaintiff will provide deposition dates for Defendant to take Plaintiff's deposition, and the parties further agree that Defendant shall take Plaintiff's deposition only after (i) Defendant's corporate representative has appeared for its

///

1  deposition pursuant to Fed. R. Civ. P. 30(b)(6) (and subject to the court's ruling on Defendant's
2  objection), and (ii) after Defendant's two claims handlers have appeared for their depositions.
3      The parties further stipulate and agree that the parties may depose expert witnesses once
4  the court rules on Defendant's objection and the stay lifted.
5      The parties further stipulate and agree that notwithstanding the terms of this stipulation to
6  stay discovery, Plaintiff may continue to move forward with his Fed. R. Civ. P. 45 subpoena and
7  deposition of Defendant's pre-litigation inspector, Matthew Siebrandt.
8      Although this stipulation does not comply with the deadline set forth in LR 26-4, the
9  parties assert that good causes exists because of the parties' attempts to resolve discovery issues
10 without resort to the Court.

Dated November 26, 2019

| ADAM SMITH LAW | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| /s/ Craig A. Henderson | /s/ Priscilla L. O'Briant |
| Adam D. Smith, Esq.<br>Nevada Bar No. 9690<br>Craig A. Henderson, Esq.<br>Nevada Bar No. 10077<br>2340 Paseo Del Prado, Suite D203<br>Las Vegas, Nevada 89102<br>*Attorneys for Plaintiff* | Robert W. Freeman, Esq.<br>Nevada Bar No. 3062<br>Priscilla L. O'Briant, Esq.<br>Nevada Bar No. 10171<br>6385 S. Rainbow Blvd., Ste. 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendant* |

IT IS SO ORDERED:

_____
United States Magistrate Judge

DATED: 12/3/2019