1
2
3                    UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5                                  * * *

6    WAYNE C. GOODRICH,                    Case No. 3:18-cv-00562-MMD-CLB

7                          Plaintiff,                      ORDER

8         v.

9    GARRISON PROPERTY AND CASUALTY
     INSURANCE COMPANY d\b\a USAA,

10                        Defendant.

11

12         This matter stems from an insurance coverage dispute. Defendant Garrison

13   Property and Casualty Insurance Company ("Garrison") has filed an objection to

14   Magistrate Judge Carla L. Baldwin's order denying Garrison's motion for protective order

15   (ECF Nos. 40, 51) in part and granting it in part ("Objection"). (ECF No. 53.) The

16   underlying motion for protective order challenged 18 deposition topics Plaintiff Wayne C.

17   Goodrich seeks to pursue. (*See generally* ECF No. 40; ECF No. 40-1 at 1–6.) Garrison

18   instantly objects to Judge Baldwin's rulings on topics 1–6, 10–12, 13, 16 and 17. (ECF

19   No. 53 at 6–12.) The Court overrules Garrison's Objection.[1]

20         In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's

21   factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see

22   also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is

23   evidence to support it, the reviewing body on the entire evidence is left with the definite

24   and firm conviction that a mistake has been committed." *United States v. Ressam*, 593

25   F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order

26   issued under § 636(b)(1)(A) is not subject to de novo review, and the reviewing court

27   _____

28         [1]The Court has also considered Plaintiff's response to the Objection (ECF No.
     54).

"may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Applying this standard, the Court finds Judge Baldwin did not clearly err in rendering her decisions on the noted topics.

Garrison essentially raises the same objection to Judge Baldwin's ruling on topics 1–6, 10–12 and 16—not challenging the topics as irrelevant but claiming that, as to these topics, Goodrich need not depose a Fed. R. Civ. P. 30(b)(6) witness—to be produced by Garrison. (ECF No. 53.) Garrison specifically argues that allowing Goodrich to depose such a witness in addition to two percipient witnesses would be duplicative and not proportional in light of the allegations and issues presented by this case and is counter to the 2015 amendments to Rule 26(b).[2] (*E.g.*, *id.* at 4–9.)

At minimum, Garrison's proportionality objections as couched in the 2015 amendments are vague and lacks specificity. *See, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on a motion for protective order or successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule"). The proportionality contentions are also contrary to law—to the extent Garrison seeks to preclude testimony by a Rule 30(b)(6) deponent. *See, e.g.*, *Int'l Game Tech. v. Illinois Nat'l Ins. Co.*, No. 2:16-cv -02792-APG-NJK, 2017 WL 5505039, at *6–7 (D. Nev. Nov. 16, 2017) ("[C]ourts have rejected the argument that a Rule 30(b)(6) deposition and a percipient witness deposition are unnecessary or cumulative of one another based simply on the similarity of topics covered."); *Kelly v. Provident Life & Acc. Ins. Co.*, No. 04CV807-AJB BGS, 2011 WL 2448276, at *4 (S.D. Cal. June 20, 2011) (internal quotations and citations omitted) ("Plaintiff is entitled to the knowledge of the corporation and the corporation's positions on matters clearly relevant and discoverable

///

_____

[2](*See* ECF No. 53 at 4–5 (detailing the amendments).)

in this phase of the case . . . Without having a witness or witnesses who can testify and bind the corporation, the deposing party is left at an unfair disadvantage, having no understanding of what the corporation's position is as to many areas of inquiry.").[3] Garrison's position otherwise provides no basis for the Court to conclude that Judge Baldwin clearly erred in permitting the requested depositions on the above topics. The Court will therefore overrule Garrison's objection as to deposition topics 1–6, 10–12 and 16.

That leaves Judge Baldwin's rulings on topics 13 and 17, which the Court finds are likewise void of error. As to these topics, Garrison's contestation is again largely that it should not have to produce a Rule 30(b)(6) deponent on these topics. (ECF No. 53 at 9–11.) Besides Garrison's unsupportable and curious insistence, Garrison claims that topic 13 amounts to a fishing expedition. (*Id.* at 9.) The Court disagrees.

Topic 13 specifically states:

> In the five years of time prior to Plaintiff's claim, the frequency with which Garrison paid Crawford and Company to inspect and report on the property of Garrison's insureds for the purpose of processing Nevada property claims.

(ECF No. 40-1 at 4.) Judge Baldwin concluded that the topic went to Goodrich's contention of bad faith. (*See* ECF No. 52 (Transcript) at 11.) The Court is unpersuaded by Garrison's logic in attempting to undermine Judge Baldwin's conclusion. (*See* ECF No. 53 at 9.) Instead, the Court agrees with Goodrich that topic 13 supports his contention that Garrison acted in bad faith in relying on its hired-inspector's findings where Garrison knew of a different cause of the relevant damage—yet denied Goodrich's insurance claim on an improper basis. (ECF No. 54 at 13–14.)

Garrison's objection to topic 17 is no more appealing. That topic concerns bonus compensation (ECF No. 40-1 at 5) and Judge Baldwin's order recognized Goodrich's

---

[3]*See also Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, No. 2:17-cv-01515-KJM-AC, 2019 WL 246628, at *5 (E.D. Cal. Jan. 17, 2019) ("[I]n an insurance coverage case, topics addressing an insurer's coverage position and claims handling are appropriate topics for a Rule 30(b)(6) deposition of an insurer-defendant.").

concession to have the topic address only such compensation to "claims handlers and employees" (ECF No. 51 at 1). As to this topic, Garrison rehashes its averments made in the underlying motion explaining bonus compensation, ignores the conceded limitations to the request—to nonetheless state the request is overbroad, and claims that a Rule 30(b)(6) deponent is not needed where Garrison may respond in a verified interrogatory. (ECF No. 53 at 10.) To the extent Garrison's contentions are not moot, they provide insufficient reasons to alter Judge Baldwin's determination regarding the need to obtain testimony from Garrison's Rule 30(b)(6) deponent. *See, e.g.*, *Colony Ins. Co. v. Sanchez*, No. 2:18-cv-01950-JCM-NJK, 2019 WL 3241160, at *2–*3 (D. Nev. July 18, 2019) (collecting cases) (internal citations omitted) ("It has long been clear that written discovery and depositions are not equivalent forms of discovery that may be easily substituted for one another. Written discovery responses are drafted through calm reflection with the aid of attorneys, while depositions probe the facts while witnesses are under the scrutiny of examination."); *Kelly*, 2011 WL 2448276, at *4 ("[A]ny testimony provided by employees as individuals does not satisfy the need for Plaintiff to obtain binding testimony from the corporate entity.").

In sum, the Court finds Garrison's various objections insufficient to undermine Judge Baldwin's rulings regarding the objected to topics.

It is therefore ordered that Garrison's Objection (ECF No. 53) is overruled. The parties may proceed with discovery as set forth by Judge Baldwin.

DATED THIS 10th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE